Ms. Kemp, you've decided to reserve 2 minutes for rebuttal, you can fire when ready. Good morning, Attorney Patricia Kemp with Walter Patrick. May it please the court, despite Mr. Patrick's many letters and telephone calls to his post-conviction lawyer requesting that a Rule 32 motion be filed, his lawyer abandoned him, lied to him, and lied to Mr. Patrick's wife for 4 years about that filing. When Mr. Patrick learned of the deception, his deadlines to file both a Rule 32 and a 2254 petition in the district court had long passed. Nevertheless, he continued to exercise diligence in challenging his conviction, and he files his Rule 32 and 224 petition pro se. In both cases, he alleged that his filings were late because he was abandoned by his lawyer. The Alabama Court of Criminal Appeals found these facts warranted equitable tolling, and this finding by the state court must be accorded a presumption of correctness that can only be overcome by clear and convincing evidence that it was unreasonable. This court has held that when the petitioner alleged he missed deadlines because he was abandoned by his lawyer, a district court abuses its discretion when it dismisses the petition without holding an evidentiary hearing on equitable tolling. And 28 U.S.C. 636b1c mandates that a district court make a de novo determination of the portions of the magistrate's report and recommendation that are objected to by the petition. The facts alleged by Mr. Patrick and his response to the state's answer, his response to the district court's show cause order, and his objections to the report and recommendations, if true, were sufficient to warrant an evidentiary hearing on whether his untimely 2254 should be equitably tolled. The district court's dismissal of Mr. Patrick's petition without a hearing was an abuse of discretion. In several of the pleadings filed by Mr. Patrick, in his response to the state's answer and also in his response to the court's show cause order, he argued that the reason why his petition wasn't untimely was because his Rule 32 lawyer was ineffective. In his objection to the report and recommendation, he specifically says that his Rule 32 lawyer had been disbarred and that the lawyer had held up his state post-conviction motion for four years, between 2005 and 2009. The government has argued that Mr. Patrick didn't raise these issues in his 2254 form petition. However, he did raise them in the district court three times before the district court dismissed his petition as untimely. Well, so this is Judge Neuston, Ms. Kemp. I mean, it seems to me the dispositive question, and it is a very troubling tale that you tell about abandonment, but it seems to me the dispositive question under our vision in Williams v. McNeil, whether your client failed adequately to raise these issues before the magistrate judge, not only in the initial petition, but also then in response to the state's objection, and then even more pointedly, in response to the magistrate's order to show cause. It seems like there were three occasions on which your client had an opportunity to raise the issue of equitable tolling and fail three times, and why isn't this case then just like Williams? Well, the case is not like Williams because in Williams, the petitioner was ordered to respond to timeliness, and he didn't file anything. And so once the report and recommendation was issued that his petition should be dismissed as untimely, this court basically said, well, Mr. Williams was given an opportunity to respond, didn't file anything, so under those circumstances, it's okay for the district court to have ignored the issues that he then raised in the report and recommendation. So is it your contention, and I really want you to be careful here, is it your contention that your client was not similarly directed by the magistrate judge in order to show cause to address the question of timeliness? He was directed, and he did comply with that order. The order to show cause was document 16, and Mr. Patrick filed in document 17. The title of the order was to show cause why 2254 cannot be dismissed as untimely, 2244 of Title 28. So he did respond to that show cause order. Just so I'm clear, in document 17, does the words, the phrase equitable tolling show up? He does not use the phrase equitable tolling, but he does say that the reason why his petition was late because his Rule 32 lawyer failed to file a writ of cert in his case. And then he goes on to talk about the other rule, his second Rule 32 lawyer, and then also his second appellate attorney that were also ineffective. So he did respond specifically to the court's order. Certainly, Mr. Patrick, he's pro se. He doesn't have any legal training at all, but he said certainly wouldn't be in the same manner as an attorney, but he did specifically address the court and file a motion in response to the show cause order when he was directed to, and that is very different from what happened in the Williams case. Is that the document in which he was discussing this case called Martinez out of the Supreme Court? Yes, Your Honor. He raises Martinez, I think, in all of his filings. He raised it in the document 17. He also raised it when he responded to the state, and he also raised that same case in his objections. In his objections to the report and recommendation, he specifically mentioned Mr. Pennington, attorney Pennington, that abandoned him at the Rule 32 stage of his case. I guess I'm less, given Williams v. McNeil, I'm less interested in what he said in his objections to the report and recommendation than I am in what he said before the magistrate himself. Yes, Your Honor. And what he said before the magistrate judge was that, in just quoting, he says, With all due respect to the magistrate, her recommendation does not address or consider the petitioner's claim that his Rule 32 lawyer failed to file a reassert. So that's what he said, and then he goes on to talk about his second Rule 32 lawyer and his second appellate lawyer, all of them being ineffective for the failure to file certain subpoenas. I know that we can't hold pro se litigants to too high a standard, but if you ever connect the dots between those alleged failures and forgiveness of his untimely petition, or instead, as in Martinez, he's really saying that, you know, that Martinez's forgiveness of state law default doesn't have anything to do with forgiveness of a federal failure. Right, and I am not at all relying on Martinez. Martinez was never cited in any of my briefs. That is a case that he cites, too. However, I think that he doesn't say the words equitable tolling, but I think it's clear in all of his filings before the report and recommendation that he basically is trying to alert the court to the fact that his Rule 32 lawyer screwed up his case, and that's the reason why everything he filed after that point was late. I also want to bring to the court's attention that under Stokes v. Singletary and the statute 28 U.S.C. 636b1c, the court was mandated to review the portion of the report and recommendation that Mr. Patrick And when he objected to that report and recommendation, he, again, specifically mentioned how his Rule 32 lawyer delayed his state post-conviction case, which then delayed everything that came after it. In Stokes v. Singletary, this court reversed the dismissal of a 2254 petition and remanded for an evidentiary hearing where the district court failed to conduct a mandatory de novo review of the petitioner's timely objections to the report and recommendation. And Mr. Patrick did file timely objections in this case. In Stokes, this court specifically pointed out that one of the things that the district court did when they affirmed dismissal of that petition was they did it in a single word order that just approved the report and recommendation. And what happened in this case isn't too far off. The district court approved the report and recommendation in a one sentence order. They just basically put all the buzz words in there and said, you know, under 636, we're adopting the report and recommendation. But there's no indication at all that the court ever looked at Mr. Patrick's objections to the report and recommendation, which they were required to do under the statute and under Stokes. Counsel, can I return to a point you made earlier about the state court's decision to total statute limitations, a state statute limitation, and that we should give deference to that? And I want to reflect a little bit on that and ask if you have any case law that tells us that we should do that. Because the deferential principles that are set forth in 2254 have never been applied, to my knowledge, to a federal habeas court's determination of whether a petition is timely pursuant to 2244D or that equitable tolling is warranted. And I would point you to our Chavez case that says so. Yes, Your Honor. The case that I cite to is Watley v. Warden, which is a 2019 case from this court. And it basically says that there is a presumption of correctness to the state court, the trial, and the appellate court's findings of fact, and that deference is also owed to the state court's legal conclusions unless there is a showing by clear and convincing evidence that they are either based on an unreasonable determination of the facts of the case or an unreasonable application of federal law. Are we going to apply those deferential principles when we're determining whether a petition is timely? Yes, Your Honor. I believe so, because the Alabama Court of Criminal Appeals specifically found in that March 25, 2011 order that Mr. Patrick had shown that the facts of his case were sufficient to warrant equitable tolling and they set out four different factual findings in that order. They basically talk about the fact that his lawyer lied to him, that the lawyer lied to his wife about filing the petition. He lied and actually told them that he had filed a petition, and he would send them a copy of it. And the court points out that even despite all of this evasion and misrepresentation by the lawyer, Mr. Patrick still continued to try to get the state post-conviction motion filed timely, because they kept calling and sending letters to the lawyer trying to get a copy of the petition. So his lawyer basically dragged it out. How do you deal with Chavez, where we say that whether the statute is equitably tolled is purely a federal issue, which did not arise under the condition that a federal habeas petition was filed, and so therefore we're not going to be applying those deferential standards to this timeliness determination? Well, I think the court can ignore the fact that the reason why his federal petition was late is because of everything that happened prior to him filing the federal petition. And also the difference between Chavez and Mr. Patrick's case is that this court also found in that case that the petitioner had not sufficiently alleged either extraordinary circumstances or his own diligence in trying to get his federal petition filed. And I don't think that's the case here. I think the facts show both extraordinary circumstances and that Mr. Patrick was trying to do everything that he could do or that he knew that he could do to get both the state petition and his federal petition filed on time. Counsel, let me ask you. Assuming we were to agree with you, just for the sake of argument, that the belated equitable tolling argument should be considered, would you ask us to remand the case to the district court to address the question in the first instance? Yes, Your Honor. That's all we're asking for. And that's basically what, in my estimation, what the case law supports, is that he raised sufficient facts to warrant an evidentiary hearing, and he should have had one before the court dismissed his petition as untimely. So you would not have us decide this issue on the merits ourselves? No, Your Honor. Okay. No, Your Honor. I believe what the case law, both in Whatley and also the Gomez case that was cited in the government's brief, in both of those cases where, and also in Holland v. Florida, in both of those situations where you have petitioners that alert the court to the fact that they missed filing deadlines because they were abandoned by their lawyer, the court basically says, okay, this needs to go back and you need to have an evidentiary hearing on whether this should be equitably tolled. If there are no further questions, I'll cede my time, Your Honor. Okay, very well. Thank you so much, Ms. Kemp. Ms. Poe, let's hear from you. Good morning, Your Honors. It seems like to me, after listening to Campbell's argument, that the court's focus was the action of the district court reasonable in not holding a hearing and not considering the issue raised for the first person and the objections. And the answer to that question would be in the affirmative for both. This defendant, or petitioner, I'm sorry, this defendant was in state court and he waited approximately four years before filing his Rule 32. I go back that far to show that there's a pattern here. He first, at least where I can remember, he first raised the concept of equitable tolling in his Rule 32 proceeding back in, I believe, 2009. And he discussed that and that's what he won on in getting his Rule 32 before the circuit court. And so he's familiar with that concept and he could have raised that, as the court pointed out, one of you pointed out, that three times he had the opportunity in federal court to raise that. He's known about that issue for many, many years. He also asserted throughout the state court, he talked about actual innocence. So he understood the difference between the two. He also knew about it, was aware of it, and could have raised it in his first petition before the district court or the magistrate or something. He could have raised it the second time. And then when the district court specifically said, you know, is there any other reason, I mean I'm paraphrasing, but any other reason that you did not, that you should be excused from the statute of limitations being applied here? And he still didn't answer that question. And he had the knowledge. And so the fact that he didn't, I think that charges against him and against any leniency from the district court who had the opportunity, if they wanted to hear it for the first time, could have done so being raised in the objection. But there was no reason to because he knew it and he didn't raise it. And that's the bottom line of where the government stands on that issue. And we also, I had intended on asking or arguing the Chavez case because that's an important case in the court's consideration, or at least we would assert it is, that due diligence is a fact and it required due diligence to bring this claim before the court. He certainly didn't. He waited four years to bring it in the trial court, in state court. Then he raised it many years later in his federal habeas. And there's just no real excuse he's given. He cited no factors to the court that would have given the district court any reason to hold an evidentiary hearing. The Chavez opinion says that Berger's on the petitioner to establish the need for an evidentiary hearing. And he's to allege, or she, is to allege sufficient facts to support the grant of an evidentiary hearing and the court will not blindly accept speculative, inconcrete claims, and I'm quoting from the court. So not only did he give, he didn't just give vague claims or something unsubstantiated, he gave no claims that were connected to equitable tolling. Maybe connected to another concept, but not that. And so he gave the court, the district court, no reason to grant an evidentiary hearing. And I think that this court should find that he's not entitled to have to go back for an evidentiary hearing. He failed to exercise due diligence in bringing his claim. And that is one of the requirements, to have equitable tolling applied. In his case, it's a two-part test. He's got to show that there was some obstruction or reason beyond his control, but also an equal and conjunctive part of that is due diligence. And we would simply say that based on the history of the record before this court, he has not exercised any due diligence in bringing this. And furthermore, if the court were to go back and give him a hearing, the point is, what would he prove? In state court, he had an opportunity, and it was many years ago when, assumingly, and I am speaking hypothetically, but for the sake of argument, if he were to be allowed to have a hearing, you were to send it back to the district court. He's given no indication that he has any evidence to present to the court. Even in the state court, the state, we argued, we didn't win, but we had a split decision in the Court of Criminal Appeals on his Rule 32 appeal. He didn't argue specific facts. He says in his petition before this court that he contacted his attorney numerous times. Well, we don't know. He didn't even argue specific enough facts below. He never made any argument in the state court. Well, when did you call him? How often did you call him? Did you call a number that you've known to be his number? Did you wait three years before you started? That's not reasonable. He could have called a clerk six months into it. He didn't exercise reasonable diligence from the beginning, and he shouldn't be allowed to benefit from his negligence and his failure to do so at this point. This is Judge Ray. I guess I have empathy for the district court judge, given that that's where I sit, so I want to ask you, from the position of the district court judge, if you could summarize, as you understand it, what the judge would have known when the judge needed to make a decision as to whether or not there needed to be a hearing. Well, Your Honor, specifically with regard to the equitable tolling, he didn't know anything because it wasn't released until the abduction was filed. He's aware there are things about mechanic testimony, claims of actual abuse. That's where the district judge would have first got involved, right? The report and recommendation would have been rendered, and then there was objections filed. So, specifically, if you could summarize for me exactly what the objection told the district court judge. The objection that he filed essentially argued that he was of actual innocence, and it talked about, as I recall, the recanted testimony, the affidavit given by his daughter, the victim, and it essentially, and I think it also, in all fairness, I don't have it right in front of me, but I think it mentioned that, you know, ineffective counsel. But I know, I do remember it was actual innocence based on his having the recanted testimony, and I think it may have mentioned also, and Ms. Kemp can correct me if I'm wrong, but I think that it mentioned he had taken a polygraph test and passed it. But there was no facts that were given to the judge in the objections that would specifically warrant the court hearing, going back and giving him an evidentiary hearing. I wanted also to address something that, if there's no more questions about that, something that the court had asked Ms. Kemp about the court, or she had ordered, she had mentioned that the court's order accepting or adopting the magistrate court recommendation was basically perfunctory, and I think you used some boilerplate words or words to that effect, but I think that's an unfair characterization of the district court's order. The district court's order says, specifically, after due and proper consideration and a de novo determination to suggest otherwise, that the court didn't mean those words, would be something to suggest I'm sure no one would want to accuse a district court judge of, that is, you wrote down something that's not correct or not true. So I think you have to take the court at its word that this measure, including the objection, was given full and fair consideration by the district court, and I don't think the district court's order should be discounted because of that. If there are no further questions from the court, I don't really have anything else to argue, except I would just ask the court to go back and look at the long history that this petitioner's had with his knowledge of this, and he delayed raising this claim in the state court, and I'm speaking specifically of he, we don't know how soon, but certainly four years is a long, long time to wait on a lawyer to file something and not check on it and not call the district clerk, so there's that information. And then the fact that even when his Rule 32 was complete with the issuance of the COJ in state court, he still waited a year, give or take a few days, he waited a year to file a habeas petition to put that claim before the court, and he certainly knew that there were issues of statute of limitations, and yet he waited again. And then given the opportunity to present it to the magistrate, what does he do? He has three opportunities, and he doesn't do it. So I think that he should not benefit from his own lack of due diligence and his own failure to take advantage of the opportunities he had, and so I don't think the district court can be found in error, have abused discretion for not granting an evidentiary hearing. And so we would ask, Your Honor, that you deny any request for an evidentiary hearing in the district court's order, dismissing the case and denying it based on the statute of limitations should be affirmed by this court. If there are no further questions, I'll cede my time back to the court. Thank you, Ms. Poe. Ms. Kemp, you have two minutes remaining. Yes, Your Honor. I just want to clear up a few things that counsel said. You specifically asked counsel what the magistrate would have known from Mr. Patrick's objections. Mr. Patrick specifically raised equitable tolling in his objections. So he specifically says, I'm reading from his objections, the standard used for the petitioner case falls under equitable tolling. The fact that the Alabama State Bar disbarred Al Pennington for holding the petitioner's Rule 32 petition from 2005 to 2009 in which he was paid to file falls well within the ambit of the narrow exception to the general rule that ineffective assistance of counsel on post-conviction does not qualify as a cause, excuse, or procedure to default a claim. So any of the objections he specifically mentioned is the fact that his case was delayed for four years based on the fact that he was abandoned by his post-conviction lawyer. So the district court had that information before it dismissed his petition. Also, counsel. Judge Newsom, I just think the difficulty for you is Williams, right? I mean, Williams is in that respect on all four. The first real allegation for the district court in the objections to the magistrate's report and recommendation, and we said that the district court has broad discretion in dealing with the report and recommendation and did not abuse his discretion and refused to consider an issue that was not raised before the magistrate. Well, Your Honor, the problem with Williams from our perspective is that you have a petitioner in Williams who doesn't respond to the court at all. He basically just ignores the court's show cause order, whereas you have Mr. Patrick who complies with the court's show cause order, and even though he did not say the claim in the same way that an attorney would have, he did it in the best way that he knew how to do as a pro se petitioner. So I do think that Williams and Mr. Patrick are completely different because unlike Mr. Williams, Mr. Patrick complies with the court's order. If the court has no further questions, Your Honor. Ms. Poe, thank you both very much. We appreciate the fine argument on both sides. That case is submitted and the court is in recess until 9 a.m. tomorrow morning.